**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JEAN RENE,<br><br>Plaintiff,<br><br>v.<br><br>NEBRASKA FURNITURE MART, INC.<br>**Serve Registered Agent:**<br>Incorp Services, Inc.<br>534 S Kansas Ave Suite 1000<br>Topeka, KS 66603<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 2:20-cv-02353<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

COMES NOW Plaintiff Jean Rene, by and through counsel, and for his causes of action for employment discrimination and violations against Defendant Nebraska Furniture Mart, Inc., states and alleges as follows:

## PARTIES

1. Plaintiff is an individual residing at 5814 North College Avenue, Gladstone, Missouri 64119, and he was a warehouse supervisor employed by Defendant at its store beginning on or about April 14, 2013 and continuing until his wrongful termination on or about April 24, 2019. Plaintiff's race is black and/or Haitian, and he is a naturalized United States citizen and a native of Haiti.

2. Defendant Nebraska Furniture Mart, Inc. is a foreign for-profit corporation organized and existing under the laws of the State of Nebraska, doing business in Kansas, with its principal place of business located at 1601 Village West Parkway, Kansas City, Kansas 66111.

3. All of the acts, conduct, and omissions of Defendant were performed by its agents, representatives and employees while in the course and scope of their agency or employment.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 2000e-5(f)(3), and 29 U.S.C. § 2617, as the acts complained of involve violations of Plaintiff's rights under federal law, specifically the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.* (Section 1981), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (Title VII).

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5 because a substantial part of the events giving rise to Plaintiff's claims occurred in the District, the unlawful employment practices are alleged to have been committed in this District, and the Defendant have sufficient minimum contacts with this District so as to be considered resident in Kansas for the purposes of the federal venue statute.

**FACTUAL ALLEGATIONS**

6. Plaintiff began employment with Defendant as a Warehouse Specialist at its Kansas City, Kansas location on or about April 14, 2013.

7. At all times herein mentioned Plaintiff was an "employee" of Defendant within the meaning of Title VII and Section 1981 and entitled to all the benefits and protections of those laws.

8. Defendant was an "employer(s)" of Plaintiff within the meaning of Title VII as Defendant exercised significant control over material matters involving Plaintiff's terms and conditions of employment, including but not limited to his hiring, wages, available benefits,

application and interpretation of human resources and disciplinary policies and the right to terminate Plaintiff's employment.

9. Defendant is engaged in an industry affecting commerce and it has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and it employed 50 or more employees at or within 75 miles of the location where Plaintiff was employed for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. Throughout Plaintiff's employment with Defendant, he was subjected to race and/or color and/or national origin discrimination in violation of his rights under Title VII and/or Section 1981. These illegal acts by Defendant adversely impacted the terms and conditions of Plaintiff's employment, including but not limited to, the illegal discriminatory termination of his employment for false reasons.

11. Throughout Plaintiff's employment with Defendant, he was a good worker and he met all the performance expectations for his positions, promotions, and he received raises and praise for his good performance prior to his false discipline and his illegal termination.

12. Prior to and including his wrongful termination and thereafter, Plaintiff experienced a pattern and practice of disparate treatment and was subject to discrimination and retaliatory treatment in the terms and condition of his employment based on his race and national origin by Defendant.

13. The Defendant regularly hired employees who could speak both English and Spanish and had a Spanish-English Bilingual Pay Policy that paid an hourly differential of $1.00 per hour for hourly employees and paid $80.00 per day for salaried staff.

14. In the first half of 2018, Plaintiff discovered that some bilingual employees were not being paid the hourly differential and reported his concern to his manager, who talked with upper management about this pay discrepancy.

15. Ultimately the company reviewed the concern and all the bilingual employees in all the company's stores, including Kansas City, Kansas, were compensated and given the back pay they were owed.

16. Defendant's work environment included overly discriminatory statements, including some Caucasian employees mocking native Spanish speakers and referring to them as "Beaners".

17. An employee also ranted about how he hates "the Arabs" in Kansas City and "would hate to deal with those people" if he worked in sales.

18. Upon information and belief, this behavior was reported to management, but nothing was done to end the discriminatory comments.

19. On April 18, 2019, Plaintiff was in the warehouse checking to make sure everything was running smoothly. As he was walking down the bay, Plaintiff asked a Haitian employee why he was working so late.

20. Immediately, another employee who is Caucasian approached Plaintiff and said Plaintiff should not be talking to the Haitian man.

21. Plaintiff did not understand why this Caucasian employee would be concerned with Plaintiff speaking to this Haitian employee and expressed this to the Caucasian employee.

22. This Caucasian employee had a long history of harassing others, including Haitians, and Plaintiff reported his behavior to his supervisor because Plaintiff felt he and the other Haitian employee had been treated differently.

23. On April 24, 2019, Plaintiff was accused of lying about the interaction he had with the Caucasian employee and Plaintiff was terminated.

24. The foregoing actions of Defendant was not based on any legitimate non-discriminatory reasons.

25. Rather, Defendant took the foregoing adverse actions impacting the terms and conditions of Plaintiff's employment due to his race, color, and national origin, and in retaliation for reporting this discrimination.

26. During Plaintiff's employment with Defendant, he and similarly situated employees were subjected to an ongoing pattern and practice of discrimination in the terms and conditions of employment including but not limited to false discipline and/or termination that were in fact based on race and/or color and/or national origin against African American, Black and/or employees with a foreign (non-U.S.) national origin.

27. Throughout his employment with Defendant, Plaintiff performed all duties of his job as required, exceeded the expectations of his position, received multiple raises and good performance reviews, and generally performed as a good employee.

28. The true reason(s) for the illegal treatment of Plaintiff in the terms and conditions of his employment and his termination was illegal race, color, and/or national origin discrimination, and/or retaliation against him for his complaints regarding Defendant's illegal discrimination.

29. On October 15, 2019, Plaintiff filed a timely charge alleging race, color and national origin discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") (copy attached as **Exhibit A**).

30. On or about April 23, 2020, the EEOC mailed a Notice of Right to Sue to Plaintiff (copy attached as **Exhibit B**).

31. This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

32. Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

**COUNT I – DISCRIMINATION (TITLE VII)**

33. Plaintiff incorporates by reference the allegations of paragraphs 1 through 32 above.

34. Plaintiff's race, color, and/or national origin was a motivating and/or determining factor in Defendant's intentional decisions to discriminate against him in the terms and conditions of his employment, including but not limited to, false discipline and termination.

35. The Defendant knew or should have known of the unwelcome race, color and/or national origin discrimination of their employees, including Plaintiff.

36. The Defendant failed to take prompt and appropriate corrective action to end the race, color and/or national origin discrimination of their employees, including Plaintiff.

37. The Defendant failed to make good faith efforts to enforce their policies to prevent race, color, and/or national origin discrimination of their employees, including Plaintiff.

38. During Plaintiff's employment with Defendant, he and similarly situated employees were subjected to an ongoing pattern and practice of discrimination in the terms and conditions of employment including but not limited to false discipline and/or termination that were in fact based on race and/or color and/or national origin against Haitian, Black and/or employees with a foreign (non-U.S.) national origin.

39. The Defendant's conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Title VII and is sufficiently culpable to warrant an award of punitive damages.

40. As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits and other monetary damages associated with loss of work, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant on Count I, and requests an award of his actual damages, including but not limited to his lost wages and benefits and other monetary damages, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

**COUNT II – RETALIATION (TITLE VII)**

41. Plaintiff incorporates by reference the allegations of paragraphs 1 through 40 above.

42. Plaintiff had a good-faith, reasonable belief that the Defendant was engaged in unlawful employment practices and violations of federal civil rights as set forth above, including race, color and national origin discrimination.

43. The Defendant retaliated against Plaintiff because of his opposition to unlawful employment practices and his opposition to violations of the federal civil rights of Defendant's

Haitian and/or black employees, by adversely impacting the terms and conditions of his employment, including, but not limited to, false discipline and illegal termination of Plaintiff's employment.

44. Plaintiff's opposition to the Defendant's unlawful employment practices and violations of federal civil rights was a motivating and/or determining factor in the Defendant's decision to retaliate against him in the terms and conditions of his employment, including but not limited to false discipline and the termination his employment.

45. The Defendant's conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Title VII and is sufficiently culpable to warrant an award of punitive damages.

46. As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits and other monetary damages associated with loss of work, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant on Count II, and requests an award of his actual damages, including but not limited to his lost wages and benefits and other monetary damages, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

**COUNT III – DISCRIMINATION (SECTION 1981)**

47. Plaintiff incorporates by reference the allegations of paragraphs 1 through 46 above.

48. Plaintiff's race was a "but for" and/or motivating cause in Defendant's intentional decisions to discriminate against him in the terms and conditions of his employment, including, but not limited to, false discipline, and termination.

49. The Defendant knew or should have known of the unwelcome race discrimination of their employees, including Plaintiff.

50. The Defendant failed to take prompt and appropriate corrective action to end the race discrimination of their employees, including Plaintiff.

51. The Defendant failed to make good faith efforts to enforce their policies to prevent race discrimination of their employees, including Plaintiff.

52. The Defendants failed to make good-faith efforts to enforce their policies to prevent race discrimination of their Haitian and/or black employees, including Plaintiff.

53. During Plaintiff's employment with Defendant, he and similarly situated employees were subjected to an ongoing pattern and practice of discrimination in the terms and conditions of employment including but not limited to false discipline and/or termination that were in fact based on race against Haitian and/or black employees.

54. The Defendant's conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Section 1981 and is sufficiently culpable to warrant an award of punitive damages.

55. As a direct result of the Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits and other monetary losses,

emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant on Count III, and requests an award of his actual damages, including but not limited to his lost wages and benefits and other monetary losses, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

**COUNT IV – RETALIATION (SECTION 1981)**

56. Plaintiff incorporates by reference the allegations of paragraphs 1 through 55 above.

57. Plaintiff had a good-faith, reasonable belief that the Defendant was engaged in unlawful employment practices and violations of federal civil rights as set forth above, including race discrimination.

58. The Defendant retaliated against Plaintiff because of his opposition to unlawful employment practices and his opposition to violations of the federal civil rights of Defendant's Haitian and/or black employees, by adversely impacting the terms and conditions of his employment, including, but not limited to, false discipline and illegal termination of Plaintiff's employment.

59. Plaintiff's opposition to the Defendant's unlawful employment practices and violations of federal civil rights was a "but for" and/or motivating cause in the Defendant's

decision to retaliate against him in the terms and conditions of his employment, including but not limited to false discipline and the termination his employment.

60. The Defendant's conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Section 1981 and is sufficiently culpable to warrant an award of punitive damages.

61. As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits and other monetary damages associated with loss of work, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

62. WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant on Count IV, and requests an award of his actual damages, including but not limited to his lost wages and benefits and other monetary damages, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By /s/ Athena M. Dickson

Rik N. Siro KS FED #77812
Eric W. Smith KS #16539
Athena M. Dickson KS #21533
Raymond A. Dake KS FED #78448
Ryan P. McEnaney KS FED #78827
1621 Baltimore Avenue
Kansas City, Missouri 64108
816.471.4881 (Tel)
816.471.4883 (Fax)
rsiro@sirosmithdickson.com (email)
esmith@sirosmithdickson.com (email)
adickson@sirosmithdickson.com (email)
rdake@sirosmithdickson.com (email)
rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**